ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALFONSO SPRINGER,

          Plaintiff,

    -against-

D.A. CHARLES HYNES, JUDGE KEVIN McKAY,
PEOPLE OF THE STATE OF NEW YORK,
PEOPLE OF THE CITY OF NEW YORK,

          Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
05-CV-2859 (FB)

*Appearance:*
*For the Plaintiff:*
Alfonso Springer, *Pro Se*
#03-A-1601
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, New York 14411

**BLOCK, District Judge:**

    Plaintiff, appearing *pro se*, brings this action[1] pursuant to 42 U.S.C. § 1983 against District Attorney Charles Hynes ("Hynes"), Justice Kevin McKay ("Justice McKay") and the jurors who convicted him after his criminal trial in Kings County Supreme Court, which resulted in plaintiff's three- to nine-year sentence.[2] Plaintiff alleges that defendants'

---

[1] Plaintiff initially filed this action in the United States District Court for the Western District of New York. By order dated May 31, 2005, the Honorable Charles J. Siragusa of the Western District transferred the action to this Court as the Eastern District is the more appropriate venue. *See Springer v. Hynes*, No. 05-CV-362Sc, slip op. at 1 (W.D.N.Y. May 31, 2005).

[2] Plaintiff has filed a petition for a writ of *habeas corpus* challenging this conviction which is currently pending in this Court. *See Springer v. Powers*, No. 05-CV-1835 (FB).

actions at trial constituted "malicious prosecution, false imprisonment under color of a 5th, 8th, and 14th Amendment Right from cruel and unusual punishment, due process, equal protection of laws . . . ." Compl. at 6. Plaintiff seeks $13,000,000 in damages from each defendant. *See id.* at 7. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint as defendants are immune from suit.

## I.

A.   <u>Standard of Review</u>

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. *See id.*

B.   <u>Prosecutorial Immunity</u>

Prosecutors are absolutely immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in

nature, but rather are "intimately associated with the judicial phase of the criminal process . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'" (internal citation omitted)). Because plaintiff's claim against defendant Hynes centers around his actions during the "judicial phase of the criminal process," plaintiff's claim is dismissed as Hynes is absolutely immune. *See* 28 U.S.C. § 1915A(b)(2).

C.  Judicial Immuninty

Justice McKay has absolute immunity from suit for judicial acts performed in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages" (citations omitted)); *Butz v. Economou*, 438 U.S. 478, 511 (1978) (judges have absolute immunity "because of the special nature of their responsibilities"); *Imbler*, 424 U.S. at 419 (judges are immune from liability for damages for acts committed within their judicial jurisdiction). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Justice McKay's alleged wrongful acts were performed in his judicial capacity. Therefore, plaintiff's claim against Justice McKay is dismissed as foreclosed by absolute immunity. *See* 28 U.S.C. § 1915A(b)(2).

D. <u>Juror Immunity</u>

Plaintiff names the People of the State of New York and the People of the City of New York as defendants, claiming that the jurors in his trial were also guilty of misconduct. *See* Compl. at 6. "[I]t has been uniformly held that jurors are entitled to absolute immunity for damages which result from their jury service." *Intersimone v. Bell*, 1980 WL 2237, at *4 (S.D.N.Y. July 10, 1980) (citations omitted). Accordingly, plaintiff's claim against the People of the State of New York and the People of the City of New York is dismissed. *See* 28 U.S.C. § 1915A(b)(2).

## II.

Accordingly, plaintiff's complaint is dismissed as defendants are absolutely immune from suit. *See* 28 U.S.C. § 1915A(b)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                  FREDERIC BLOCK
                                                  United States District Judge

Dated:   June 24, 2005
             Brooklyn, New York